UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

West Palm Beach Division

CASE NO.: _____

JOHN DOE,

    Plaintiff,
v.

LYNN UNIVERSITY, INC.,
a Florida not for profit corporation
d/b/a Lynn University,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY,
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff respectfully moves the Court to enter an order granting Plaintiff leave to proceed under the pseudonym "John Doe" in this action.

This motion is made on the following grounds:

In September 2015, Plaintiff John Doe was a 17-year-old first-semester freshman at Defendant Lynn University, a private institution in Boca Raton, Florida, when he was falsely accused of on-campus sexual battery by a female student.[1]

Thereafter, Lynn University suspended John Doe and withdrew his academic and sports scholarships following a blatantly biased and unfair investigation and adjudication that violated the University's regulations. This was in spite of the fact that Boca Raton police officers had

---

[1] John Doe was a minor, aged 17, at the time of the alleged sex incident. He is now 18 years old.

found after interviewing relevant witnesses -- including Plaintiff and his accuser -- that no sexual battery had occurred and that the claim of nonconsensual sexual intercourse asserted against Plaintiff was "unfounded."

In the instant lawsuit, Plaintiff John Doe challenges the Defendant University's flawed process as violating his rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88 ("Title IX") and Florida state law. He seeks to have the erroneous finding — and the suspension and other sanctions that resulted from it — reversed and erased from his educational records. In short, he seeks to clear his name of a false and highly stigmatizing charge of sexual misconduct and return to his college studies.

To clear his name, John Doe should not have to further sully it. To clear his name, he should not have to broadcast in public court filings that he was expelled for committing an act — stripped of all euphemism — of rape. To clear his name, he should not have to make his (rather uncommon) name Google-able and otherwise searchable online and in public court records as someone who has been accused of, and found responsible for, sexual misconduct.

Knowledge of the false accusations, the University's conduct, and Plaintiff's punishment has been confined to a limited number of individuals. Given this limited dissemination of information and Plaintiff's desire to clear his name and obtain a judicial determination that the University acted improperly, Plaintiff respectfully moves for leave to proceed under the pseudonym "John Doe".

**ARGUMENT**

**II.    PLAINTIFF SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY.**

While plaintiffs are generally required to disclose identifying information, including their names, in the title of their Complaint under Rule 10(a), Fed.R.Civ.P., there are recognized

exceptions. The Eleventh Circuit has recognized that a plaintiff should be permitted to proceed anonymously in exceptional cases, as here. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). In determining this issue, courts in the Eleventh Circuit have reviewed all the circumstances in the cases and considered numerous factors when determining whether a plaintiff should be permitted to proceed anonymously. *Doe* v. *Barrow Cnty.,* 219 F.R.D. 189, 193 (N.D. Ga. 2003). These factors have included (1) whether the suit challenges governmental (as opposed to private) activity, *see id.* (granting plaintiff's motion to proceed anonymously in his constitutional challenge of a Ten Commandments display); (2) whether the suit requires the plaintiff to disclose matters of "utmost intimacy," *id.* (noting that the suit would require plaintiff to disclose his "quintessentially private" religious beliefs); (3) whether identification would expose plaintiff to retaliation or intimidation, and the resultant emotional harm, *see id.* (discussing the hostility of many members of the community towards the plaintiff's claims); (4) whether anonymity would cause any prejudice to the defendant, *see id.* (noting that "the inconvenience" to the defendant caused by plaintiff proceeding anonymously would be "relatively low"); and (5) whether disclosure of his identity would cause the plaintiff the "very injury [he is] litigating against in the case," *M.J.* v. *Jacksonville Hous. Auth.,* Case No. 11-cv-771-J-37MCR, 2011 WL 4031099, at *2 (M.D. Fla. Sept. 12, 2011) (granting plaintiff's motion to proceed anonymously where the purpose of his suit was to prevent the defendants from disclosing a juvenile arrest report that was confidential under the applicable law).

Applying these and other factors, federal courts across the country have allowed plaintiffs to proceed anonymously in cases that, like this one, involve accusations of sexual misconduct on campus. *See, e.g., Doe v. Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding a magistrate judge's order granting a motion to proceed under a pseudonym in a case

where the plaintiff, a college male accused of sexually assaulting a female classmate, claimed violations of Title IX, as well as contractual tort violations).[2] As in those cases, Plaintiff here should be permitted to pursue his claims anonymously, because (1) identification would cause him the same injury that he is litigating to correct; (2) the litigation concerns a sexual encounter between the Plaintiff and his accuser, a highly intimate and sensitive matter; (3) he will possibly suffer retaliation, intimidation, or (at the very least) ridicule if his name is revealed, causing him significant emotional harm; and (4) Defendant would suffer no prejudice.

### A. Revealing John Doe's Name Would Cause Him the Same Injury His Lawsuit Seeks to Prevent: Reputational Harm.

A plaintiff should be permitted to proceed anonymously where "the very injury [he is] litigating against in th[e] case would be incurred as a result of the disclosure of [his] identit[y]."

---

[2] *See also Doe v. Univ. of S. Fla. Bd. of Trs.*, Case No. 15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (allowing the plaintiff to proceed pseudonymously); *Doe v. Williams Coll.*, Case No. 13-cv-11740 (D. Mass. filed July 19, 2013) (allowing the plaintiff to proceed pseudonymously and granting the motion for protective order); *Doe v. Pa. State Univ.,* Case No. 15-cv-02072 (M.D. Pa. filed Oct. 26, 2015) (granting motion to proceed anonymously); *Doe v. Ohio State Univ.,* Case No. 15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); *Doe v. Brown Univ.,* Case No. 15-cv-0144-S-LDA (D.R.I. filed Apr. 13, 2015) (same); *Doe v. Brandeis Univ.,* Case No. 15-cv-11557-FDS (D. Mass. filed Apr. 9, 2015) (same); *Doe v. Columbia Univ.,* Case No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); *Doe v. Washington & Lee Univ.,* Case No. 14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); *Doe v. George Washington Univ.,* Case No. 11-cv-00696-RLW (D.D.C. filed Apr. 8, 2011) (same); *Doe v. Reed Inst.,* Case No. 15-cv-617-MO (D. Or. filed Apr. 14, 2015) (granting unopposed motion to proceed pseudonymously); *Doe v. Trs. of Boston Coll.,* Case No. 15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); *Doe v. Amherst Coll.*, Case No. 15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); *Doe v. Univ. of Colo., Boulder,* Case No. 14-3027 (D. Colo. filed Nov. 7, 2014) (proceeding pseudonymously throughout the case); *Doe v. Swarthmore Coll.,* Case No. 14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same); *Doe v. Univ. of Cincinnati,* Case No. l:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); *Doe v. Marietta Coll.,* Case No. 15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); *Doe v. Alger,* Case No. 15-cv-00035-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); *Doe v. Middlebury Coll.,* Case No. 15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); *Doe v. Miami [of Ohio] Univ.,* Case No. 15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); *Doe v. Clark Univ.,* Case No. 15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (same); *Doe v. Rector & Visitors of George Mason Univ.,* Case No. 15-cv-00209-TSE/MSN (E.D. Va. filed Feb. 18, 2015) (same).

*M.J. v. Jacksonville Hous. Auth.,* 2011 WL 4031099, at *3 (granting plaintiff's motion to proceed anonymously where the purpose of his suit was to prevent the defendants from disclosing a juvenile arrest report that was confidential under the applicable law).

As discussed above, the purpose of John Doe's lawsuit is to clear his name of the false charge and finding of guilt by Defendant Lynn University. As it currently stands, his educational records at Lynn University reflect that he was found responsible and incurred a one-year suspension with further sanctions, for sexual misconduct based on a fellow student's unsworn allegations. Until the erroneous finding is overturned by this Court, those false and unproven allegations will become known by any educational institution that requires John Doe's records, including undergraduate schools to which John Doe may seek to transfer, graduate schools to which he hopes to eventually apply, and potential employers, among others. And unless this Court provides equitable relief, John Doe will have to explain to potential schools and employers why there is a significant time gap in his undergraduate education record, thus forcing him to reveal the false allegations of sexual misconduct.

In order to prevent this harm and clear his name among potential viewers of his educational records, John Doe seeks to overturn the finding and sanctions. But if he is forced to litigate this case under his own name, he will effectively be required to broadcast the false allegations of nonconsensual sexual intercourse made against him to the public at large. Not only will other undergraduate institutions, graduate schools, and potential employers, and others, be able to learn of the unfounded allegations, *everyone* will be able to do so simply by Googling his rather unusual name and viewing the court documents in this case.

Thus, unless this Motion is granted, even if Plaintiff ultimately prevails on his claims in this action, his name would nonetheless be forever linked with a case about sexual misconduct.

Because that is precisely one of the harms that Plaintiff seeks to challenge in this suit, disclosing his name is not appropriate. *See, e.g., Roe* v. *Ingraham,* 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid. Under such circumstances it is permissible to proceed by pseudonym.") (internal citation omitted).

### B. This Action Involves Sensitive Matters of Sexual Assault and Will Reveal Highly Intimate and Private Details of John Doe's Sexual Encounter.

When a lawsuit regards a matter of the "utmost intimacy," courts routinely allow plaintiffs to proceed anonymously. *See, e.g., Plaintiff B*. v. *Francis,* No. 5:08-cv-79/RS-GRJ, 2011 WL 809610, at *1 (N.D. Fla. Mar. 2, 2011) (granting motion to proceed anonymously where the conduct at issue in the litigation was the plaintiffs' "exposing [of] their breasts on film," which the court found to be "a matter of the 'utmost intimacy'").

This case is about allegations of nonconsensual sexual intercourse between two young college students. Accordingly, the Complaint necessarily reveals – and other pleadings will likely do so also – the details of the alleged private sexual conduct between Plaintiff John Doe and his accuser, the female University student who falsely accused him of sexual misconduct. And given the nature of this case, private, intimate details regarding the life of John Doe will be at issue. This heavily weighs in favor of Plaintiff being allowed to proceed anonymously.

### C. Revealing John Doe's Name Would Subject Him to Intimidation, Retaliation, and, at the Very Least, Public Ridicule, Causing Him Emotional Harm.

In deciding whether to permit a plaintiff to proceed anonymously, courts consider "whether identification poses a risk of retaliatory physical or mental harm to the requesting party." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993) (collecting cases); *see also EW v.*

*N.Y. Blood Ctr.,* 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (noting that many courts have held that in lawsuits centering on sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm).

If John Doe is identified publicly here, he risks the same sort of retaliatory harm that accused students have faced on college campuses throughout the country. In a case at Columbia University, for example, a student who was *cleared* of disciplinary charges of sexual misconduct was nonetheless "ostracized by classmates, dropped from extracurricular activities, and targeted via social-media threats."[3] When Duke lacrosse players were falsely accused of rape in 2006, "[t]he team was subject to social ostracism on campus, including a public letter from 88 Duke faculty members thanking student protestors who had, among other suggestions, called for the team captains to be castrated."[4] If Plaintiff's identity is disclosed he is likely to be the target of similar threats, harassment, and intimidation. The same happened to University of Virginia male students falsely accused of rape in a November 2014 article in *Rolling Stone* magazine. In a suit filed against the publication by three of the students affected by the false article, they alleged that they "suffered as a result of being associated with the gang-rape allegations."[5]

---

[3] Cathy Young, Op-Ed., *Campus sexual assault stories have two sides, Newsday*, April 27, 2015, http://www.newsday.com/opinion/columnists/cathy-young/campus-sexual-assault-stories-have-two-sides-1.10339045.

[4] Press Release, Columbia Law School, *Unlearning Due Process?* (April 21, 2015), https://www.law.columbia.edu/media_inquiries/news_events/2015/april2015/due-process.

[5] "3 Lies That Linger Even After Rolling Stone's UVA Rape Story Was Debunked," *Above the Law* (Aug. 3, 2015), http://abovethelaw.com/2015/08/3-lies-that-linger-even-after-rolling-stones-uva-rape-story-was-debunked/.

**D. Defendant Would Not Be Prejudiced by Plaintiff Proceeding Anonymously.**

Granting Plaintiff's motion to proceed anonymously would not prejudice Defendant Lynn University in any way. Defendant already knows Plaintiff's identity. Allowing him to proceed under a pseudonym would not inhibit Defendant's ability to investigate and defend against his claims or to conduct discovery in this case. *See, e.g., EEOC v. SPOA, LLC,* No. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (finding no prejudice where the defendant knew the plaintiff's true identity, and thus was "fully capable of investigating and responding to [the plaintiff's] allegations"); *EW v. N.Y. Blood Ctr.,* 213 F.R.D. at 112 (allowing plaintiff to proceed under pseudonym where the "defendant has not identified any prejudice to its ability to conduct discovery or try the matter"); *Doe* v. *Barrow Cnty.,* 219 F.R.D. at 194 (noting that "the inconvenience" to the defendants caused by the plaintiffs proceeding anonymously would be "relatively low").

Moreover, "when the matter is a question of law and the facts are undisputed, a defendant may suffer little prejudice from a pseudonymous plaintiff, for in such cases the plaintiff plays a relatively minor role in the litigation." *Freedom From Religion Found, Inc.* v. *Emanuel Cnty. Sch. Sys.,* No. CV615-013, 2015 WL 3797133, at *5 n.11 (S.D. Ga. June 18, 2015) (internal quotation marks and citations omitted); *Doe v. Barrow Cnty.,* 219 F.R.D. at 194 (noting that the "relevant facts ... will likely come from witnesses other than the plaintiff and thus plaintiff plays a relatively minor role in the litigation"). Here, as in *Freedom From Religion Foundation,* John Doe brings this lawsuit primarily to raise questions of law that affect him as well as any other male student subject to disciplinary proceedings at Lynn University. And as in *Doe* v. *Barrow County,* evidence of those few facts that *are* likely be disputed, such as the University's bias

against Plaintiff because of his male gender, will largely be provided by persons other than Plaintiff, such as University officials.

## CONCLUSION

For the reasons discussed above, and on the legal authorities cited, the Court should grant Plaintiff leave to proceed under the pseudonym "John Doe" in this action.

Respectfully Submitted,

**DLD LAWYERS**
**DEMAHY LABRADOR & DRAKE, P.A.**
Attorneys for Plaintiff
150 Alhambra Circle, PH
Coral Gables, FL 33134
Tel.: (305) 443-4850
Fax: (305) 443-5960


s/ Angel Castillo, Jr.
Angel Castillo, Jr.
Florida Bar No. 0273465
Email: acastillo@dldlawyers.com
Frank L. Labrador
Florida Bar No. 796980
Email: flabrador@dldlawyers.com


Dated: May 27, 2016